**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 3 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WILLIE J. PEE, Personal
Representative of the Estate of Lanita
Renay Pee,

      Plaintiff,

  and

YOLANDA WALKER, individually,

      Plaintiff-Appellant,

v.

AMERICAN FAMILY LIFE
INSURANCE COMPANY, a
Wisconsin corporation,

      Defendant-Appellee.

No. 00-1323
(D.C. No. 99-WM-381)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **PORFILIO** , and **KELLY** , Circuit Judges.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Yolanda Walker [1] appeals from an order of the district court granting defendant's motion for summary judgment. We affirm.

Ms. Walker commenced this action in state court seeking payment of $250,000.00 in accordance with the terms of a life insurance policy her sister, Ms. Pee, had taken out twenty-three days prior to her death. Defendant, American Family Life Insurance Co., removed the case to federal district court pursuant to 28 U.S.C. § 1332(a)(1). American Family maintained that it was not required to pay on the policy due to Ms. Pee's fraud in obtaining the policy.

In Colorado, to rescind a policy based on misrepresentations,

> the insurer must prove that (1) the applicant made a false statement of fact or concealed a fact in his application for insurance; (2) the applicant knowingly made the false statement or knowingly concealed the fact; (3) the false statement of fact or the concealed fact materially affected either the acceptance of the risk or the hazard assumed by the insurer; (4) the insurer was ignorant of the false statement of fact or concealment of fact and is not chargeable with knowledge of the fact; (5) the insurer relied, to its detriment, on the false statement of fact or concealment of fact in issuing the policy.

---

[1] Willie J. Pee, the personal representative of the estate of his late wife, Lanita Renay Pee, dismissed his claims against defendant.

Hollinger v. Mut. Benefit Life Ins. Co., 560 P.2d 824, 827 (Colo. 1977) (footnote omitted).

Ms. Walker did not contest the fact that defendant had met the first three elements. See Appendix, Vol. 1, tab 3 at 5-6. Thus, the court addressed only elements four and five. The magistrate judge concluded that defendant had met these elements. Ms. Walker filed objections to this conclusion. The district court reviewed the record and Ms. Walker's objections. The court determined that the magistrate judge's recommendation was proper and that Ms. Walker had waived several of her arguments as she raised them for the first time in her objections.

On appeal Ms. Walker argues she would have shown that American Family had not met elements four and five if the trial court had not disregarded issues of material fact she set forth both in her response to American Family's motion for summary judgment and in her objections to the magistrate judge's recommendation. She also contends the district court should not have found that she had waived any of her arguments.

"We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court" under Fed. R. Civ. P. 56(c). Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir. 1999). Summary judgment is proper if the moving

party shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Upon consideration of the parties' briefs on appeal, the appendix, and the applicable law, the judgment of the United States District Court for the District of Colorado is AFFIRMED for substantially the reasons stated in the court's order of July 26, 2000, adopting the magistrate judge's recommendation of June 20, 2000.

Entered for the Court

David M. Ebel
Circuit Judge